IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:08CR65

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| MAXINE THOMPKINS ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss the indictment; the Government has filed a response opposing the motion. For the reasons stated herein, Defendant's motion to dismiss is denied.

## I. BACKGROUND

The Defendant is charged in a two-count indictment with embezzling Social Security payments made to her deceased mother to which she knew she was not entitled in violation of 18 U.S.C. § 641, and concealing the death of her mother from the Social Security Administration ("SSA") in order to continue receiving her mother's Social Security payments in violation of 42 U.S.C. § 408(a)(4). **Indictment, filed June 4, 2008**.

According to the motion, Defendant's mother received Social Security survivor benefits following the death of her husband.  **Defendant's Motion to Dismiss, filed July 11, 2008, at 2.**  These payments were sent through the United States mail and were addressed to Defendant's mother.  *Id*.  Defendant and her mother resided together until her mother's death on March 30, 1995.  *Id.*; *see also*, **Government's Response to Defendant's Motion to Dismiss, filed July 24, 2008, at 2.**  The Government alleges that beginning in April 1995 and continuing until November 2006, Defendant began receiving and cashing her deceased mother's checks and converted the funds to her own use.  *Id.*  The Government further alleges that copies of the negotiated checks show Defendant forged her mother's signature and cashed the checks at area grocery stores; or, forged her mother's signature and/or provided her own signature and deposited the checks in Defendant's State Employees' Credit Union bank account.  *Id.* **at 2-3.**  The Government also alleges Defendant knew she was not entitled to her mother's Social Security checks and she intentionally concealed and failed to disclose her mother's death to the SSA.  *Id.*; *see also*, **Indictment,** *supra.*  In all, Defendant is alleged to have stolen approximately $67,233 in Social Security benefits.  *Id.*

## II. DISCUSSION

Defendant contends that the acts alleged do not represent a continuous offense; therefore, the statute of limitations prohibits prosecution of individual actions occurring five or more years prior to the filing of the indictment. **Defendant's Motion, at 3-4;** *see also*, **18 U.S.C. § 3282.**[1] The Government argues that Defendant's alleged actions in cashing the Social Security checks and in failing to report the death of her mother, the rightful beneficiary, represent a continuous offense because such actions are part of an ongoing scheme to convert those checks to her own personal use. **Government's Response, at 4***.*

The parties cite *United States v. Smith*, 373 F.3d 561 (4th Cir. 2004), *cert. denied*, 543 U.S. 1123 (2005), among other cases, in support of their respective positions. In *Smith*, the defendant's mother received Social Security benefit payments in her name that were electronically deposited into an account held jointly with the defendant, Alfred Smith. Defendant's

---

[1] This statute provides, in part, that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." *Id.*

mother died on February 4, 1994. Uncontested facts from the case demonstrate that:

> From March 1994 through February 1998, 48 payments were electronically deposited into Smith's joint account with his mother; each deposit was between $525 and $583. In all, Smith received approximately $26,336 after his mother's death. Smith wrote checks and withdrew funds from the account. When interviewed by SSA agents, Smith admitted writing numerous checks on the account and acknowledged that he knew it was wrong for him to receive the benefit payments after his mother's death.

*Id*. at 563. Smith was charged in a single count indictment with violating 18 U.S.C. § 641, which "provides that theft of property with a value in excess of $1,000 is a felony punishable by a maximum term of imprisonment of ten years." *Id.* Smith challenged the aggregation of his actions into a single count contending that the statute of limitations prohibited such action. The Fourth Circuit, in rejecting this argument, reasoned that the "purpose of a statute of limitations is to limit exposure to criminal prosecution following an illegal act." *Id.* **(citing *Toussie v. United States*, 397 U.S. 112, 114 (1970) ).** "Normally, the statute of limitations will begin to run when a single criminal act is complete. Criminal acts over an extended period, however, may be treated as a 'continuing offense' for limitations purposes when a criminal statute explicitly compels that result,

or 'if the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.'" **Id. at 563-64 (quoting Toussie, at 115).** "In determining whether a series of takings are properly aggregated [into a single count], the court must examine the intent of the actor at the first taking." **Id. at 564 (citing United States v. Billingslea, 603 F.2d 515, 520 (5th Cir. 1979)**. In deciding that aggregation of Smith's alleged conduct into a single count was proper, the Fourth Circuit held that if Smith operated under "'a plan or scheme or [set] up a mechanism which, when put into operation, [would] result in the taking or diversion of sums of money on a recurring basis,'" the series of takings are properly aggregated. **Id. (quoting Billingslea, supra).**

The facts, as alleged in this case, tend to show that Defendant engaged in a continuous course of deliberative conduct or scheme to steal SSA benefit checks addressed to her mother following her death. Defendant failed to notify the SSA after her mother's death and upon receipt of the first SSA check in April 1995. Defendant continued to receive the checks and cash them for her benefit up until November 2006, and as part of her scheme, never informed the SSA of her mother's death. The scheme thus established her intention from receipt of the very first

check to conceal the fact of her mother's death and, therefore, to continue to receive her mother's benefits. Defendant's conduct, when considered in light of the facts and holding established in *Smith,* is properly charged as a single count in the indictment. Therefore, prosecution of such offense is not barred by the statute of limitations.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss the indictment is **DENIED.**

Signed: August 5, 2008

Lacy H. Thornburg
United States District Judge